**Airene Williamson, Esq.** (SBN 277101)
Kiras Persky, Esq. (SBN 357136)
 c/o SteelPeak Wealth, LLC
Office of the General Counsel
610 Newport Center Drive, Suite 420
Newport Beach, CA 92660
Telephone: (949) 783-7792
E-mail: airene.williamson@spwm.com
Kiras.persky@spwm.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (Western Division- Los Angeles)

| | |
|---|---|
| STEELPEAK WEALTH, LLC, a Delaware limited liability company <br><br> Plaintiff, <br> vs. <br><br> JOHN PERRY, an individual; ROBIN JOHNSON, an individual; J.P. MORGAN SECURITIES, LLC, a Delaware limited liability company, doing business in California; and DOES 1 through 25, inclusive <br><br> Defendants. | Case No.: 2:26-cv-00614-SB-SSC <br><br> Assigned to: <br> Judge Stanley Blumenfeld, Jr. <br><br> Magistrate: Judge Stephanie S. Christensen <br><br> **STIPULATED PROTECTIVE ORDER FOR THE PRODUCTION AND EXCHANCE OF CONFIDENTIAL INFORMATION** <br><br> Date of Removal: January 21, 2026 |

## 1. <u>INTRODUCTION</u>

1.1    <u>Purpose and Limitations</u>. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order for the Production and Exchange of Confidential Information. The parties

1

acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

     1.2    <u>Good Cause Statement</u>. This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.3    <u>Acknowledgement of Procedure for Filing Under Seal</u>. The parties further acknowledge that this Stipulated Protective Order does not govern the filing of Discovery Material under seal. Only Local Rule 79-5 of the U.S. District Court for the Central District of California governs the filing of Discovery Material under seal.

## 2. <u>DEFINITIONS</u>

2.1    <u>Action:</u> This pending federal lawsuit.

2.2    <u>Challenging Party:</u> a Party or Non-Party that challenges the designation of information or items under this Stipulation.

2.3    <u>Confidential Discovery Material:</u> any Discovery Material that contains nonpublic, confidential, personal, business, strategic, proprietary, or commercially sensitive information, as specified above in the Good Cause Statement (Section 1.2), that requires the protections provided in this Stipulation and that has not become part of the public record.

2.4    <u>Counsel:</u> Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5    <u>Covered Litigation:</u> any dispute arising out of or relating in any way to this Stipulation, whether in contract, tort, or otherwise.

2.6    <u>Designating Party:</u> a Party or Non-Party that designates Discovery Material that it produces in disclosures or in responses to discovery as Confidential Discovery Material.

2.7    <u>Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     Final Disposition: the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.10    In-House Counsel: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

2.13    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.14    Producing Party: a Party or Non-Party that produces Discovery Material in this Action.

2.15    Professional Vendors: persons or entities that provide litigation-support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Receiving Party: a Party that receives Discovery Material from a Producing Party.

2.17    Stipulation: this Stipulated Protective Order for the Production and Exchange of Confidential Information.

## 3. SCOPE

The protections conferred by this Stipulation cover not only Confidential Discovery Material (as defined above), but also (1) any information copied or extracted from Confidential Discovery Material; (2) all copies, excerpts, summaries, or compilations of Confidential Discovery Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Discovery Material.

## 4. DESIGNATING CONFIDENTIAL DISCOVERY MATERIAL

4.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulation must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

4.2   <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Stipulation (*see, e.g.,* Section 4.2(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Stipulation must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulation requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum the legend "CONFIDENTIAL" to each page that contains Confidential Discovery Material, except that in the case of electronically stored information that is produced in native format, the Producing Party may add the "CONFIDENTIAL" legend to the file or directory name, affix it to the media containing the Discovery Material (e.g., CD-ROM, DVD, flash drive), or include a watermark or other label on each page in the file. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed  Confidential Discovery Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulation. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Confidential Discovery Material.

(b)   for testimony given in depositions, that the Designating Party (i) identify on the record, before the close of the deposition, the Discovery Material that is protected; or (ii) provide written notice to all Parties within five days of receipt of the rough or final transcript (whichever is received first) designating the

6

entire transcript or portions thereof. All testimony is Confidential Discovery Material until five days after counsel receives a copy of the rough or final transcript (whichever is received first).

         (c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party add the "CONFIDENTIAL" legend to the medium in which the information is stored.

      4.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation for such Discovery Material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the Discovery Material is treated in accordance with the provisions of this Stipulation.

## 5.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

      5.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the court's Scheduling Order.

      <u>5.2</u>    <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. and with Section 2 of Judge Christensen's Civil Procedures titled "Brief Pre-Discovery Motion Conference."

      5.3    <u>Resolving Challenges</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 6. ACCESS TO AND USE OF CONFIDENTIAL DISCOVERY MATERIAL

6.1 <u>Basic Principles.</u> A Receiving Party may use Confidential Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and not for any other purpose, including, without limitation, any business or commercial purpose. Such Confidential Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation. When the Action reaches a Final Disposition, a Receiving Party must comply with the provisions of Section 12 below. Confidential Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation.

6.2 <u>Disclosure of Confidential Discovery Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material designated as Confidential Discovery Material only:

(a) to the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) to the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) to Experts (as defined in this Stipulation) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) to the court and its personnel;

(e)    to court reporters and their staff;

(f)    to professional jury or trials consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g)    to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; during their depositions, to witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the" Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Discovery Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation; and

(h)    to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 7. CONFIDENTIAL DISCOVERY MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Confidential Discovery Material, that Party must:

(a)    Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation. Such notification shall include a copy of this Stipulation; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Discovery Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as Confidential Discovery Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Discovery Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 8. A NON-PARTY'S CONFIDENTIAL DISCOVERY MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

8.1      Application. The terms of this Stipulation are applicable to information produced by a Non-Party in this Action and designated as Confidential Discovery Material. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Stipulation. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

8.2      Notification. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    promptly notify in writing both the Party requesting the discovery and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    make the information requested available for inspection by the Non-Party, if requested.

8.3    Conditions of Production. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Non-Party's confidential information responsive to the discovery request may be produced. If the Non-Party timely seeks a protective order, then none of the Non-Party's information that is subject to the confidentiality agreement may be produced before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Confidential Discovery Material.

## 9. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Stipulation, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 10. INADVERTENT PRODUCTON OF PRIVILEGED OR OTHERWISE CONFIDENTIAL DISCOVERY MATERIAL

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other

protection, the obligations of the Receiving Party are those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence, insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 11. USE OF CONFIDENTIAL DISCOVERY MATERIAL AT TRIAL

This Stipulation does not govern the use of Confidential Discovery Material at trial. Any use of Confidential Discovery Material at trial shall be governed by the orders of the trial judge. Before trial or any court proceeding where Confidential Discovery Material will be used, the Parties must confer in good faith on procedures to protect the confidentiality of any of the Confidential Discovery Material.

Once a case proceeds to trial, information that was designated as Confidential Discovery Material or maintained pursuant to this Stipulation and used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180–81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials, the terms of this Stipulation do not extend beyond the commencement of the trial.

## 12. FINAL DISPOSITION

12.1    Survival of Obligations After Final Disposition. The terms of this Stipulation apply through Final Disposition of the Action. Even after Final Disposition of the Action, the confidentiality obligations imposed by this Stipulation shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

12.2    Request for Return or Destruction of Confidential Discovery Material After Final Disposition. After the Final Disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Confidential Discovery Material to the Producing Party or destroy such material. As used in this subdivision, "all Confidential Discovery Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Discovery Material.

12.3    Certification of Return or Destruction of Confidential Discovery Material. Whether the Confidential Discovery Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Confidential Discovery Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Discovery Material.

12.4    Retention of Archival Copy of Certain Materials. Notwithstanding Section 12.3 above, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or

constitute Confidential Discovery Material remain subject to this Stipulation as set forth in Section 12.1 above.

### 13. MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Stipulation abridges the right of any person to seek its modification by the court in the future.

13.2    Right to Assert Other Objections. By entering into this Stipulation, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation.

### 14. VIOLATION

Any violation of this Stipulation may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions. This Stipulation binds the Parties pending court approval. Any violation of this Stipulation before court approval is subject to the same sanctions and penalties as if the court had approved the Stipulation.

### 15. LITIGATION RELATED TO THIS STIPULATION

15.1    Governing Law. This Stipulation and any Covered Litigation is governed by and construed in accordance with the laws of the State of California, without regard to conflict of laws principles.

15.2    Jurisdiction and Waiver of Jury Trial. Each of the Parties agrees irrevocably:

(a)    to the personal jurisdiction of any state or federal court sitting in the State of California for any Covered Litigation;

(b)    to bring any Covered Litigation exclusively in this Court (provided that, if this Court lacks subject matter jurisdiction, then in any other state or federal court in the State of California);

(c) not to attempt to deny or defeat the exercise of jurisdiction by a court in the State of California;

(d) not to bring a Covered Litigation in any other court;

(e) to waive any right to jury trial for any Covered Litigation;

(f) to waive any defense of inconvenient forum for a Covered Litigation; and

(g) to waive any bond, surety, or other security that might be required for any Covered Litigation or appeal.

15.3   <u>Process</u>. Process in any Covered Litigation may be served by certified mail, return receipt requested, addressed to the Party or the Party's registered agent in its state of incorporation or organization, or in any other manner provided by law.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: May 29, 2026

/s/ *Airene Williamson*
Airene Williamson, Esq.
Attorney for Plaintiff
SteelPeak Wealth, LLC

Dated: May 29, 2026         /s/ *Mark Jacobs*
Mark Jacobs, Esq.
MATASAR JACOBS, LLC
Attorneys for Defendant
John Perry

Dated: May 29, 2026         /s/ *Gene Williams*

GENE WILLIAMS, ESQ.
LEONARD WEINTRAUB, ESQ.
PADUANO & WEINTRAUB, LLP
Attorneys for Defendant
JP MORGAN SECURITIES, LLC

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**

DATED: _____June 1, 2026_____    _____
                                    Hon. Stephanie S. Christensen
                                    United States Magistrate Judge

EXHIBIT A
ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order for

the Production and Exchange of Confidential Information that was issued by the

United States District Court for the Central District of California on [date] in the

case of *Steelpeak Wealth, LLC v. John Perry et al.*, Case No. 2:26cv614 (C.D.

Cal.). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action. I hereby appoint _____

**[print or type full name]** of _____ **[print or type full address and**

**telephone number]** as my California agent for service of process in connection

18

with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:                              _____

City and State where sworn
and signed:                        _____


Printed name:                      _____


Signature:                         _____